IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00974-BNB

CLIFFORD MARCUS WINKLES,

      Applicant,

v.

[NO NAMED RESPONDENT] (WARDEN),

      Respondent.

---

ORDER TO SHOW CAUSE

---

Applicant, Clifford Marcus Winkles, is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary, Florence High in Florence, Colorado. Applicant initiated this action by filing *pro se* an "Ex Parte Motion for: Appointment of Counsel" (ECF No. 1). In response to the Court's Order to Cure (ECF No. 3), Mr. Winkles filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 11). In both documents, Mr. Winkles challenges the validity of his conviction and sentence in Case No. 00-cr-00359 in the United States District Court for the Central District of California. He has paid the $5.00 filing fee.

**I. Pro Se Litigant**

The Court must construe the papers filed by Mr. Winkles liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as

a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110 (noting that a *pro se* litigant

must make more than conclusory allegations to state a valid claim). The Court has

reviewed the Ex Parte Motion and Application and orders Mr. Winkles to show cause

why the action should not be dismissed because Mr. Winkles has an adequate and

effective remedy in the sentencing court under 28 U.S.C. § 2255.

## II.  Habeas Application

In his § 2241 Application, Mr. Winkles simply refers back to his forty-nine page

Ex Parte Motion for Appointment of Counsel.  In the Ex Parte Motion, Mr. Winkles

asserts that he is challenging the validity of his conviction and sentence in the United

States District Court for the Central District of California.  Mr. Winkles explains that he

"intends to invoke 2241 relief - under the 'Savings Clause' of 2255(e) - to present

arguments of Actual Innocence." (ECF No. 1 at 3).  Mr. Winkles alleges that

"extraordinary circumstances occurred during the 2255 proceeding that rendered the

remedy under 2255 inadequate or ineffective to test the legality of his detention." (*Id.* at

5-6).  Specifically, he contends that the Bureau of Prisons misplaced trial transcripts that

Mr. Winkles needed to prepare and submit a complete and accurate § 2255 motion.  (*Id.*

at 6).  He then argues that when he finally received the trial transcripts, he sought to

amend his § 2255 motion but the sentencing court did not file and consider the

amended § 2255 motion.  (*Id.*).  Mr. Winkles then sets forth three claims of actual

innocence that he intends to assert in his § 2241 Application.  (*Id.* at 6-49).

## III.  Procedural History

Mr. Winkles was convicted of violating 18 U.S.C. § 371 (conspiracy to commit

bank robbery); 18 U.S.C. § 2113(a)(d) (armed bank robbery); 18 U.S.C. § 924(c)

(brandishing a firearm during a crime of violence); 18 U.S.C. § 924(c) (using and

carrying a firearm during a crime of violence); and 18 U.S.C. § 1512(b)(1) (witness

tampering).  (ECF No. 1 at 4).  The judgment of conviction was affirmed on direct

appeal.  *See United States v. Winkles,* No. 01-50588 (9th Cir. Feb. 13, 2003).

Mr. Winkles challenged his conviction and sentence in the sentencing court by

filing a motion pursuant to 28 U.S.C. § 2255, which the sentencing court denied.  *See*

*United States v. Winkles,* No. 00-cr-00359-DDP (C.D. Cal.), ECF No. 200.  Mr. Winkles

then filed two motions for reconsideration, which also were denied.  *Id.,* ECF Nos. 206 ,

209.  Mr. Winkles appealed, and his request for a certificate of appealability was denied.

*Id.,* ECF No. 220.  The Ninth Circuit also denied Mr. Winkles' applications for

authorization to file a second or successive § 2255 habeas corpus petition in the district

court.  *Id.,* ECF Nos. 224, 228.  Mr. Winkles continued to seek relief in the sentencing

court by filing a motion for relief from judgment pursuant to Fed. R. Civ. P. 59(e) or

60(b).  *Id.,* ECF Nos. 240, 243.  The sentencing court denied Mr. Winkle's motion and

Mr. Winkles appealed.  *Id.,* ECF No. 244.  The Ninth Circuit has referred this matter to a

merits panel, appointed counsel to Mr. Winkles, and set a briefing schedule.  *Id.,* ECF

Nos. 244.  Mr. Winkle's pending appeal in the Ninth Circuit appears to raise the same

issues Mr. Winkles asserts in his habeas application in the instant action.  *Id.,* ECF No.

231, 237.

**IV.  Inadequate or Ineffective Remedy Under § 2255**

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A

petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw*

*v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28

U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief

afforded by motion in the sentencing court under § 2255."  *Williams v. United States*,

323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for

testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is

that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.

1965); *see* 28 U.S.C. § 2255(e).

Mr. Winkles bears the burden of demonstrating that the remedy available

pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578,

584 (10th Cir. 2011).  This burden is not easily satisfied because "[o]nly in rare

instances will § 2255 fail as an adequate or effective remedy to challenge a conviction

or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see*

*also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy

available pursuant to § 2255 is inadequate or ineffective only in "extremely limited

circumstances"). The test for determining whether the remedy provided in the

sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Winkles'

claims could have been raised in an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.

"If the answer is yes, then the petitioner may not resort to the savings clause [in §

2255(e)] and § 2241."  *Id.*

In the Ex Parte Motion and § 2241 Application, Mr. Winkles fails to demonstrate

that the remedy available to him pursuant to § 2255 in the sentencing court is

inadequate or ineffective.  Moreover, Mr. Winkles currently is represented by counsel in

a pending case before the Ninth Circuit in which the same issues he asserts in this case are being raised and addressed.  Thus, the remedy available pursuant to § 2255 is not inadequate or ineffective at this point.  *See e.g., Williams v. Copenhaver,* No. 12-cv-01356-LJO-BAM, 2012 WL 3834847, at *3 (E.D. Cal. Sept. 4, 2012) (Section 2255 not inadequate and ineffective where petitioner currently had three appeals pending at the appellate court all dealing with the same challenges raised in the instant petition). Therefore, Mr. Winkles will be ordered to show cause why this action should not be dismissed without prejudice because at this time he has an adequate and effective remedy pursuant to § 2255.

Also before the Court is Mr. Winkles' "Ex Parte Application for Authorization to File Habeas Petition in Prisoner's Own Format" (ECF No. 16), filed on June 13, 2014. Because the Court has ordered Mr. Winkles to show cause why this action should not be dismissed, the Court will deny the motion to file a habeas petition in his own format as premature.

Accordingly, it is

ORDERED that Mr. Winkles show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order.  It is

FURTHER ORDERED that if Mr. Winkles fails to show good cause within the time allowed, the application will be denied and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the Ex Parte Applciation for Authorization to File

Habeas Petition in Prisoner's Own Format (ECF No. 16) is denied as premature.

DATED June 19, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge