IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00974-BNB

CLIFFORD MARCUS WINKLES,

    Applicant,

v.

NO NAMED RESPONDENT, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Clifford Marcus Winkles, is in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Florence High, in Florence, Colorado. Applicant filed *pro se* an Ex Parte Motion for: Appointment of Counsel (ECF No. 1) and Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 11) that challenge the validity of his conviction and sentence in *United States v. Winkles*, No. 00-cr-00359-DDP-2 in the United States District Court for the Central District of California. On June 19, 2014, Magistrate Judge Boyd N. Boland entered an Order to Show Cause (ECF No. 18) directing Applicant to respond and show cause why the court should not dismiss the action because Applicant has an adequate and effective remedy under 28 U.S.C. § 2255. Applicant responded to the Order to Show Cause on June 27, 2014. (*See* ECF No. 19).

**I. Pro Se Litigant**

The Court must construe liberally Applicant's filings because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed without prejudice.

## II. Background

Applicant was convicted of conspiracy in violation of 18 U.S.C. § 371; two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d); brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and witness tampering in violation of 18 U.S.C. § 1512(b)(1). *See United States v. Winkles,* No. 00-cr-00359-DDP-2, ECF No. 140. He was sentenced to a total of 476 months of incarceration and to five years of supervised release. *Id.* On October 1, 2001, Applicant filed a notice of appeal. *Id.,* ECF No. 142. The Ninth Circuit affirmed the judgment of conviction on February 13, 2003. *See United States v. Winkles,* No. 01-50588 (9th Cir. Oct. 11, 2001), ECF No. 33.

On May 19, 2004, Applicant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 asserting six grounds for relief based on ineffective assistance of counsel prior to trial, during trial, and during his appeal. *See United States v. Winkles,* No. 00-cr-00359-DDP-2, ECF Nos. 183, 206. On November 18, 2005, the sentencing court denied the § 2255 motion. *Id.,* ECF No. 200. Applicant then submitted a letter asking permission to respond to the sentencing court's denial of his § 2255 motion, which the sentencing court construed as a motion for reconsideration. *Id.,* ECF Nos. 201-203. On March 18, 2008, the sentencing court

denied the motion for reconsideration finding that Applicant did not present any reason for the court to reconsider its prior ruling and rejecting Applicant's argument that he was unable to argue all the merits of his claims because he did not have his criminal trial transcripts when he filed his § 2255 motion in May 2004. *Id.,* ECF No. 206.

On May 6, 2008, Applicant filed a motion for relief from an order pursuant to Fed. R. Civ. P. 60(b), which the sentencing court construed as a second motion for reconsideration. *United States v. Winkles,* No. 00-cr-00359-DDP-2, ECF Nos. 208-209. In denying the motion, the sentencing court rejected Applicant's argument that he was unable to prepare and present a complete and accurate § 2255 motion because prison officials misplaced Applicant's trial transcripts. *Id.,* ECF No. 209. Moreover, the sentencing court explained that Applicant did not cite the new evidence, if any, he discovered from the transcripts that supports the merits of his § 2255 claims. *Id.* Applicant appealed this decision and his request for a certificate of appealability was denied. *Id.,* ECF No. 220; *see also United States v. Winkles,* No. 09-55987 (9th Cir. Jan. 28, 2011), ECF No. 12.

Applicant proceeded to file multiple actions in the United States Court of Appeals for the Ninth Circuit requesting authorization to file a second or successive § 2255 motion in the sentencing court. *See In re: Clifford Marcus Winkles,* No. 10-72904 (9th Cir. Sept. 22, 2010); *In re: Clifford Marcus Winkles,* No. 10-71190 (9th Cir. April 27, 2011); *In re: Clifford Marcus Winkles,* No. 12-70783 (9th Cir. March 12, 2012); and *In re Clifford Marcus Winkles,* No. 13-72920 (9th Cir. Aug. 21, 2013). The Ninth Circuit denied all Applicant's requests. *Id.*

On April 4, 2013, Applicant filed in the sentencing court a motion for relief from

judgment pursuant to Fed. R. Civ. P. 60(b). *See United States v. Winkles,* No. 00-cr-00359-DDP-2, ECF No. 231. In the motion, Applicant asserts that "extraordinary circumstances" affected the integrity of his § 2255 proceedings and that the sentencing court improperly denied his previous motions for reconsideration of the order denying his § 2255 motion. *Id.* As relief, Applicant essentially sought reconsideration of the sentencing court's initial order denying § 2255 relief and to be heard on his amended § 2255 motion. *Id.* The sentencing court summarily denied the motion without explanation. *Id.,* ECF No. 235. Applicant appealed. *See United States v. Winkles,* No. 13-56376 (9th Cir. Aug. 8, 2013). The Ninth Circuit initially remanded the case to the district court for the limited purpose of granting or denying a certificate of appealability. *Id.,* ECF No. 4. The sentencing court denied a certificate of appealability finding there had been no substantial showing of the denial of a constitutional right. *Id.,* ECF No. 6. On December 16, 2013, however, the Ninth Circuit appointed counsel to Applicant and referred this matter to a merits panel to determine whether the motion for relief from judgment is a legitimate Rule 59(e) or Rule 60(b) motion, and if so, whether a certificate of appealability is necessary. *Id.,* ECF No. 11. The Ninth Circuit also directed the parties to address whether the sentencing court abused its discretion by denying the motion. *Id.*

On April 4, 2014, Applicant initiated this action seeking to invoke the savings clause under § 2255(e) to challenge the validity of his sentence and conviction. (*See* ECF Nos. 1 and 11). On June 19, 2014, Magistrate Judge Boland ordered Applicant to show cause why this action should not be dismissed without prejudice because he has an adequate and effective remedy in the sentencing court pursuant to § 2255. (*See*

4

ECF No. 18). On June 27, 2014, Applicant filed a Response (ECF No. 19) arguing that the remedy in § 2255 is inadequate or ineffective for three reasons.

### III. Inadequate or Ineffective Remedy under § 2255

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 petition may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate or ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United*

*States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief are rejected by the Tenth Circuit as ways to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost,* 636 F.3d at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. Neither the sentencing court's denial of a § 2255 motion on the merits, nor the circuit court's denial of authorization of a successive § 2255 motion, demonstrates that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). "Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

In his response to the Court's Order to Show Cause, Applicant contends that there are three reasons why this Court should invoke the savings clause and allow him

proceed to § 2241. First, he asserts that the remedy under § 2255 is inadequate or ineffective because the remedy only is available to test a sentence that is "being served." (ECF No. 19 at 4). He contends that he is "presently incarcerated under sentence for another sentence imposed" based on his concurrent and consecutive sentencing arrangement, and thus he cannot "test" his conviction under § 2255. (*Id.* at 5-7). Next, Applicant contends that the remedy is inadequate or ineffective because "the sentencing court refuses to consider the 2255 motion, and inordinately delays consideration of the 2255 motion, and is unable to grant complete relief." (*Id.* at 17). He asserts that "extraordinary circumstances impeded his ability to raise Constitutional claims in a timely manner on 2255." (*Id.*). He argues that his initial § 2255 motion was incomplete because prison officials withheld trial transcripts, and that upon receipt of the transcripts, he sought to amend his § 2255 motion but that the sentencing court never received or did not file the amended motion, thereby depriving him of one "full round" of meaningful post-conviction relief. (*Id.* at 18). Applicant finally contends that he has a federal constitutional right to be released upon proof of actual innocence. (*Id.* at 20). In support of this argument, he asserts that his convictions under 18 U.S.C. § 924(c) are improper on a *Pinkerton* theory and that the convictions were obtained by the use of false and fabricated evidence. (*Id.* at 8-16, 21).

In his pending Ninth Circuit case, Applicant raises the same issues regarding the underlying § 2255 proceedings. The 70-page opening brief states in part:

> . . . In May 2004, Mr. Winkles timely sought habeas relief under 28 U.S.C. § 2255. While those proceedings were underway, Mr. Winkles was subject to difficult prison conditions, including lengthy periods of solitary confinement and facility transfers. Mr. Winkles was sent a copy of his trial transcript during that time, but BOP officials withheld it from him until July or August of 2005. After he finally received a copy of the transcript, Mr.

7

> Winkles promptly filed an amended petition in August 2005 under the "mailbox rule." Regrettably, the district court either did not receive the pleading or failed to file it, and in November 2005, the court denied relief without addressing Mr. Winkles's amended claims.
>
> Mr. Winkles's problems with prison mail then continued: he did not receive a copy of the district court's section 2255 order until October 2007—nearly two years after it issued—and long past the 60-day period to appeal. Mr. Winkles asked the district court for an opportunity to "respond" to its section 2255 order, and the district court informed him that he could seek reconsideration. In contrast, the court did not reopen the time for Mr. Winkles to file an appeal.
>
> Over the past eight years, Mr. Winkles has diligently sought one full round of meaningful post-conviction relief—including an opportunity to correct error in the district court's section 2255 order, and to be heard on his amended claims—all to no avail. The most recent iteration of Mr. Winkles's efforts is a Fed. R. Civ. P. 60(b) motion for relief from the judgment filed in 2013, which the district court denied without comment. For the reasons that follow, this Court should hold that the district court abused its discretion in denying Mr. Winkles's motion, and remand the matter for the district court to (a) reconsider its initial section 2255 order, and (b) entertain Mr. Winkles's amended claims in the first instance.

*United States v. Winkles,* No. 13-56376 (9th Cir. Aug. 8, 2013), ECF No. 23.

In sum, Applicant argues, in both pending actions, that he has been deprived of one "full round" of meaningful post-conviction relief. Thus, the remedy available pursuant to § 2255 is not inadequate or ineffective at this point because the Ninth Circuit is simultaneously considering the underlying § 2255 proceedings. *See e.g., Williams v. Copenhaver,* No. 12-cv-01356-LJO-BAM, 2012 WL 3834847, at *3 (E.D. Cal. Sept. 4, 2012) (Section 2255 not inadequate and ineffective where petitioner currently had three appeals pending at the appellate court all dealing with the same challenges raised in the instant petition).

**IV. Conclusion**

The Court finds that Applicant has failed to demonstrate that the remedy

available to him in the sentencing court or the circuit court, pursuant to 28 U.S.C. § 2255, is inadequate or ineffective. Accordingly, the Application will be dismissed without prejudice for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for lack of statutory jurisdiction because Applicant fails to demonstrate that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  17th  day of   July  , 2014.

                BY THE COURT:

                 s/Christine M. Arguello
                CHRISTINE M. ARGUELLO
                United States District Judge, for
                LEWIS T. BABCOCK, Senior Judge
                United States District Court