IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00974-LTB

CLIFFORD MARCUS WINKLES,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, Clifford Marcus Winkles, is a prisoner in the custody of the Federal Bureau of Prisons currently incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. On July 28, 2014, he filed *pro se* a "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 23). The Court must construe the Motion liberally because Mr. Winkles is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion is denied.

In the Motion, Mr. Winkles asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 20) and the Judgment (ECF No. 21) entered in this action on July 17, 2014. Alternatively, Mr. Winkles asks the Court to address "in its entirety" his first argument in the Response to Order to Show Cause (ECF No. 19) and to reconsider the Court's order denying him leave to proceed *in forma pauperis* on appeal as to the first argument. (*See* ECF No. 23 at 3).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Motion pursuant to Rule 59(e) because the Motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court denied Mr. Winkles' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 11) and dismissed the instant action without prejudice for lack of statutory jurisdiction because Applicant failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the United States District Court for the Central District of California, the sentencing court, was inadequate or ineffective. As explained in the Order of Dismissal, Mr. Winkles bears the burden of demonstrating that

the remedy under § 2255 is inadequate or ineffective. *See Prost v. Anderson,* 636 F.3d 578, 584 (10th Cir. 2011). The question is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Id.* at 584, 588 (recognizing that the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a petitioner may properly file a § 2241 petition).

In the Motion, Mr. Winkles contends that the Court failed to properly construe, consider, and address his first argument regarding the alleged inadequacy or ineffectiveness of his § 2255 remedy. Mr. Winkles asserts that § 2255 "is inadequate or ineffective because the remedy is only available to test a conviction or sentence for which the sentence is currently 'being served.'" (ECF No. 23 at 2; ECF No. 19 at 4). Mr. Winkles argues that he cannot challenge his conviction for count four, violation of 18 U.S.C. § 924(c), under § 2255 because he has "already completed the term of imprisonment imposed" for count four and thus, is not "in custody under sentence" for purposes of § 2255. As Mr. Winkles concedes, he received a total of 476 months of incarceration based on the following consecutive sentencing arrangement— 92 months for counts two, three, five, and seven; 84 months for count four; and 300 months for count six. (*See* ECF No. 19 at 5-6). Mr. Winkles argues that he currently is serving "his last 300 month consecutive term" and thus, cannot challenge his conviction and resulting 84 month sentence for count four. (*Id.*). This argument does not carry Mr. Winkles' burden of showing that the opportunity to seek a remedy under § 2255 is inadequate or ineffective. *See Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011). Moreover, as set forth in the Order of Dismissal, Mr. Winkles has an appeal pending in the United States Court of Appeals for the Ninth Circuit, which involves

consideration of the underlying § 2255 proceedings. The mere fact that Mr. Winkles' argument that he no longer is "in custody under sentence" for count four has not been raised in the proceedings in the Ninth Circuit does not change this Court's determination that Mr. Winkles has failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 is inadequate or ineffective.

Accordingly, upon consideration of the Fed. R. Civ. P. 59(e) motion and the entire file, the Court finds that Mr. Winkles fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 23) that Mr. Winkles filed on July 28, 2014, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  1st  day of    August         , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court